# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| UNIONBANCAL CORPORATION<br>& SUBSIDIARIES, | )<br>)<br>)<br>) |  |
| Plaintiff, | )<br>) | No. 06-587 T |
| v. | )<br>) | Judge Loren A. Smith |
| THE UNITED STATES, | )<br>)<br>) |  |
| Defendant. | )<br>)<br>) |  |

## PLAINTIFF'S OBJECTION TO THE UNITED STATES' MOTION TO STAY PROCEEDINGS

Plaintiff, UnionBanCal Corporation & Subsidiaries, hereby files this objection to the United States' Motion to Stay Proceedings ("Motion to Stay"). In its Motion, Defendant requests that this Court stay the proceedings in this case pending the outcome of the appeal of *Wells Fargo & Co. and Subsidiaries v. United States,* 91 Fed. Cl. 35 (2010), *on appeal* (Fed. Cir. No. 2010-5108), which Defendant argues will "provide important guidance for the resolution of this case." Def. Motion at 1. Defendant does not claim that the result in any appeal of *Wells Fargo* will be dispositive of the result in this case.

In support of its Motion to Stay, Defendant offers only a highly generalized description of the "legal principles" at issue in this case in an attempt to draw vague parallels to those at issue in *Wells Fargo*. However, similar cases applying the legal doctrines at issue in this case, including this Court's denial of Defendant's Motion for Summary Judgment (Dkt. # 125) and the Court of Federal Claims' decision in *Wells Fargo*, have uniformly held that ultimate resolution of these issues is dependent on the specific facts and circumstances of each particular case.

1

Thus, assuming the Federal Circuit eventually renders a decision in *Wells Fargo*, which is not a certainty, such decision will not preclude the need for a trial in this matter considering the unique facts and circumstances at issue in both cases. Further, any efficiencies resulting from a stay are highly speculative at best, and are far outweighed by the prejudice to Plaintiff should the resolution of this case be further delayed. Plaintiff objects to the Motion to Stay filed by Defendant, and urges this Court to deny the Motion.

## ARGUMENT

Plaintiff commenced this action over three and a half years ago (August 14, 2006), seeking a tax refund related to the disallowance of rent, interest expense, and transaction cost deductions arising from Plaintiff's investments in two lease-leaseback transactions, also referred to as "lease-in lease-out" or "LILO" transactions. The ultimate issues presented in this case are whether Plaintiff's lease-leaseback transactions possess economic substance and whether, under a substance-over-form analysis, Plaintiff acquired the benefits and burdens of ownership with respect to the property at issue.

With trial scheduled to commence in less than four months on September 13, 2010, Defendant has requested a stay of this proceeding pending the outcome of the appeal of *Wells Fargo*. Defendant argues that a stay is proper in this case because the appeal of *Wells Fargo* will present "legal issues concerning the application of the substance over form and economic substance doctrines to SILO transactions," emphasizing that "the fact patterns are similar and that both cases involve the same legal issues." Def. Motion at 4. Defendant also argues that the Federal Circuit's analysis of the economic substance and substance-over-form doctrines in *Wells Fargo* is "expected to provide authority" on "such matters as the significance of the purchase

option, the use of present value, and the treatment of accounting benefits as a business purpose," which Defendant claims will narrow the issues in this case at trial. *Id.* at 4-5.

As indicated by this Court during the parties' oral argument on May 21, 2010, in deciding whether to grant a stay this Court must balance the efficiencies created by the stay versus the impact of the delay. This analysis is aligned with the test set forth in *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), which requires the court to "identify a pressing need for the stay" and "balance interests favoring a stay against interests frustrated by the action." In making this determination, a court has a "paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.* Although *Cherokee Nation* involved the request for an indefinite stay, the Federal Circuit and Court of Federal Claims continues to apply the test established in *Cherokee Nation* when a temporary stay is requested. *See Prati v. United States*, 82 Fed. Cl. 373, 378 (2008); *Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 34 (2000).

It is highly doubtful that the Federal Circuit's ruling will eliminate any of the issues in this trial. Defendant's arguments otherwise ignore the fact that similar lease-leaseback and sale-leaseback cases, including *Wells Fargo*, have uniformly held that resolution of economic substance and substance-over-form issues is dependent on the specific facts and circumstances of the particular case. For example, in *Consolidated Edison Co. of N.Y. and Subsidiaries v. United States*, 90 Fed. Cl. 228 (2009), the Court of Federal Claims upheld the validity of a lease-leaseback or "LILO" transaction, finding that the transaction at issue possessed economic substance and that Consolidated Edison had acquired the benefits and burdens of ownership of the leased property. The court rejected the government's argument that two prior leasing cases should control its analysis, stating that the "assertion that *AWG* and *BB&T* are 'nearly identical'

to the current case is not correct. Each tax case, and each LILO or SILO case, must undergo a very fact specific analysis." *Id*. at 335. The court reasoned that "[e]ach case individually presents distinguishing factual circumstances, such that a blanket disallowance of deductions taken in all LILO- or SILO-type cases would be contrary to the intent of the statutes, regulations and case precedent." *Id.*

Similarly, in *Wells Fargo*, the Court of Federal Claims explained that economic substance and substance-over-form issues are dependent on the facts and circumstances of the particular case. 91 Fed. Cl. at 85 ("The Court in *Con. Ed.* distinguished *AWG* and *BB&T* by observing that 'considerations of economic substance are factually specific to the transaction involved.' *Applying that same test here*, *which this Court agrees is correct . . .*" (internal citations omitted) (emphasis added)). Although the court held that the sale-leaseback or "SILO" transactions at issue in *Wells Fargo* ultimately lacked economic substance and that Wells Fargo failed to acquire the benefits and burdens of ownership, it still emphasized that the outcome was "heavily fact-dependent on the circumstances of each [SILO] transaction." *Id.* at 74. Given the fact-intensive nature of this decision, it is extremely unlikely that the Federal Circuit's ruling in *Wells Fargo* will be dispositive of the issues in this case.

In denying Defendant's Motion for Summary Judgment, this Court has already recognized that the issues in this case require a full examination of the facts and circumstances and cannot simply be decided as a matter of law. Over Plaintiff's objection, Defendant requested and was permitted to file a Motion for Summary Judgment, which was filed over one year ago on May 26, 2009. (*See* Dkt. # 85.) Oral argument on the Motion for Summary Judgment was heard by this Court on November 19, 2009, which was more than one year after the close of discovery.

4

(*See* Dkt. # 122.) In an Opinion and Order, dated February 2, 2010, this Court denied Defendant's Motion for Summary Judgment, holding that:

> The Court agrees with Plaintiff that summary judgment is not appropriate at this time. The heart of the Government's denial of the tax deduction is that these are only form arrangements, and that the substance is really just a tax avoidance scheme without any economic reality. However, if that is the case, it is clear to the Court that it must look at the transactions and understand them to see if the Defendant's contention is true or not. In this case, it is clear to the Court that the form is so complex that it is impossible at this point to reach a decision and that a trial is necessary in order to fully understand these transactions.

(Dkt. # 125 at 2.) This Court's Opinion and Order was issued following the decisions in *Consolidated Edison*, *Wells Fargo*, *BB&T Corp. v. United States*, 523 F.3d 461 (4th Cir. 2008) and *AWG Leasing Trust v. United States,* 592 F. Supp. 2d 953 (N.D. Ohio 2008), all of which concern either lease-leaseback or sale-leaseback transactions. The facts specific to the transactions at issue in those cases – including *Wells Fargo* – are irrelevant to facts at issue in this case, other than for comparison purposes in light of the respective rulings. It is impossible to foresee how any appellate decision in *Wells Fargo* (if and when it ever occurs) will dispose of the factually intensive nature of the legal issues this Court needs to decide.

Defendant also argues that "the significance of the purchase option, the use of net present value, and the treatment of accounting benefits as a business purpose" are legal issues that the "Federal Circuit's ruling in *Wells Fargo* can be expected to provide authority on." Def Motion at 4. Defendant claims that the Federal Circuit's decision will help the parties "decide which evidence is appropriate, simplifying trial" and that without a stay trial will be "far more cumbersome" and briefing will be "considerably more complicated." *Id.* at 5. Defendant's argument is specious. Regardless of the Federal Circuit's decision in *Wells Fargo*, the parties may be expected to present evidence specific to the purchase options, the use of net present

5

value, and the accounting benefits related to the lease-leaseback transactions because they are factual matters determined by the facts and circumstances of this case.

Defendant's assertion that the "obvious benefits to a stay are not accompanied by any detriment to plaintiff" is preposterous. Def. Motion at 5. As discussed above, there are no conceivable benefits from a stay. The Federal Circuit's decision will not preclude the need for a trial and it is highly unlikely that such a decision would narrow any issues in this matter considering the unique facts and circumstances of both cases. Further delay of this case would be enormously prejudicial to Plaintiff. Because the initial briefs in *Wells Fargo* have not been filed, it is likely that the stay Defendant requests could last for an indeterminate period, perhaps two years or more. The transactions at issue in this matter were entered into in 1998 and 1999, already over ten years ago. Over the three and a half years that have elapsed since Plaintiff filed its Complaint, Plaintiff has endured the delays and costs associated with its case. Plaintiff has the burden of proof and that burden can only be made more difficult with the passage of time, especially given the long time since the transactions closed. Delaying this trial further will only compound problems associated with such a significant lapse of time and the expenses necessary to resume trial preparations if and when the Federal Circuit issues an appellate decision in *Wells Fargo*. In sum, Plaintiff has endured enough delay and is due its day in court.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Stay Proceedings in this case pending the outcome on appeal of *Wells Fargo v. United States*, (Fed. Cir. No. 2010-5108) should be denied.

Dated: May 28, 2010

Respectfully submitted by:

DAVID F. ABBOTT
Attorney of Record
Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642
Facsimile: (212) 849-5642
Email: dabbott@mayerbrown.com

By: /s/ Andrew W. Steigleder
ANDREW W. STEIGLEDER
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7371
Facsimile: (312) 706-8772
Email: asteigleder@mayerbrown.com

**CERTIFICATE OF SERVICE**

I, Andrew W. Steigleder, hereby certify that on this 28th day of May, 2010, caused the foregoing Plaintiff's Objection To The United States' Motion To Stay to be served upon the United States of America by electronic delivery, to the following:

>Joseph A. Sergi
>U.S. Department of Justice, Tax Division
>Room 7923, Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20001
>Joseph.A.Sergi@usdoj.gov

>DAVID F. ABBOTT
>Attorney of Record
>Mayer Brown LLP
>1675 Broadway
>New York, New York 10019-5820
>Telephone: (212) 506-2642
>Facsimile: (212) 849-5642
>Email: dabbott@mayerbrown.com

>By: /s/ Andrew W. Steigleder
>ANDREW W. STEIGLEDER
>Mayer Brown LLP
>71 South Wacker Drive
>Chicago, Illinois 60606
>Telephone: (312) 701-7371
>Facsimile: (312) 706-8772
>Email: asteigleder@mayerbrown.com